IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ALLEN,

      Plaintiff,                  No. 2:13-cv-00687 GEB KJN PS

     v.

ADRIAN ROSS,

      Defendant.              ORDER AND
                                         FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding without counsel, filed his complaint on April 8, 2013.[1] For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis (Dkt. No. 2), but recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction.

I.    <u>Plaintiff's Application To Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration (Dkt. No. 2) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

II. <u>Screening Plaintiff's Complaint</u>

    A. *General Screening Standards*

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. <u>See, e.g.</u>, <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

      **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

  Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack

jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

  B. *Plaintiff's Complaint*

  In his complaint, plaintiff alleges claims for "defamation of character, extortion, humiliation, fraud, perjury, emotional distress and anxiety" against defendant Adrian Ross ("defendant"). (Compl., Dkt. No. 1 at 1.)

  According to the pleading, this dispute arose after an alleged "charity bowling tournament" to raise funds for plaintiff's organization, "Strikes 4 Kids." (Id.) Plaintiff alleges that defendant "hosted" the charity tournament and "stated that he would be able to generate big-name celebrities" to attend the event, but that defendant "was unable to do so." (Id.) Plaintiff was allegedly forced to refund the money of "all the participants who wanted strictly to come to see the celebrities." (Id.) Defendant allegedly provided only "little-known personalities" who were "not known outside of the Sacramento Region." (Id.) Defendant also allegedly "did not promote the event nor did he show up on time." (Id.)

  Plaintiff alleges that defendant also sued him in small claims court and "won the small claims case due to perjury in court." (Id.) Plaintiff alleges that he has appealed the small claims court matter and that the appeal will be heard "in June." (Id.) Plaintiff alleges that defendant "took to [F]acebook to bash me as a person[,] to tell people not to do business with me[,] and . . . to try to humiliate me on the public domain." (Id.) Plaintiff alleges that defendant posed as plaintiff and drafted emails "to make me look bad." (Id.) Plaintiff alleges that when he asked defendant to "remove the posts," defendant "emailed me back in efforts to extort me with threats that if I did not pay him he would continue." (Id.) Plaintiff alleges that he has suffered

1  "great anxiety and emotional distress" and is "seeking $75,000" as a result of the foregoing. (Id.
2  at 1-2.)

     C.    *Subject Matter Jurisdiction*

The undersigned recommends that plaintiff's complaint be dismissed for lack of federal subject matter jurisdiction. Plaintiff's pleading does not adequately allege any basis for this court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

////

1  Here, plaintiff does not clearly allege violations of federal statutes or the U.S.
2  Constitution, so there is no alleged non-conclusory, non-frivolous basis for federal question
3  jurisdiction in this case.  While plaintiff claims defendant committed "extortion," the federal
4  criminal extortion statute does not provide a private right of action.  See 18 U.S.C. § 1951
5  (prohibiting "extortion"); Alexandre v. Phibbs, No. 96-55434, 1997 WL 341830, at *1 (9th Cir.
6  June 19,1997) (unpublished and therefore not referred to herein for precedential value, see Ninth
7  Cir. Rule 36-3); see, e.g., Howard v. Whitson, No. 2:12–cv–1336 AC P, 2013 WL 753493, at *3
8  (E.D. Cal. Feb. 27, 2013) (unpublished) (dismissing pro se plaintiff's claim under 18 U.S.C. §
9  1951 because "plaintiff has no standing to prosecute defendants for any such violations" of
10 "federal criminal law").  Similarly, while plaintiff claims defendant committed "perjury," perjury
11 is not a cognizable civil claim in federal court.  See, e.g., Chapman v. Chronicle, No. C 07-4775
12 SBA, 2009 WL 102821, at *4 (N.D. Cal. Jan. 14, 2009) (unpublished) (granting defendant's
13 motion to dismiss a pro se plaintiff's civil claim for perjury on grounds that "perjury is not a
14 cognizable civil claim").  As plaintiff's claims of defamation, fraud, infliction of emotional
15 distress, etc., are all state law claims and do not implicate a federal question, although plaintiff
16 may want to consider filing those claims in state court.

17  The pleading also indicates that plaintiff is "seeking 75,000" (Compl. at 1-2),
18 suggesting perhaps that plaintiff believes diversity jurisdiction exists pursuant to 28 U.S.C. §
19 1332.  Even accepting plaintiff's "75,000" allegation, however, plaintiff has not sufficiently
20 alleged that the parties' citizenship is completely diverse, and it readily appears that he cannot do
21 so.  In particular, plaintiff alleges that both he and defendant are residents of Sacramento,
22 California.  (Civil Cover Sheet, Dkt. No. 1-1.)  Because plaintiff and defendant both appear to be
23 citizens of California, the parties are not completely diverse, and diversity jurisdiction does not
24 exist.  See Cook, 548 F.3d at 722.

25 The undersigned also notes that plaintiff apparently checked a box on his Civil
26 Cover Sheet indicating that he is suing as a "U.S. Government Plaintiff."  (Civil Cover Sheet,

6

Dkt. No. 1-1.) However, the substance of plaintiff's allegations reflects that he is suing as an individual rather than as a representative of the U.S. Government, this box was apparently checked in error and is not a basis for this court's jurisdiction.

Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, and, because it readily appears that plaintiff cannot plead the basis for this court's jurisdiction, the undersigned recommends that plaintiff's complaint be dismissed. If plaintiff believes in good faith that he can amend his pleading so as to adequately allege a basis for this court's jurisdiction, plaintiff should file written objections to these findings and recommendations within the time period set out below, *and should describe what amendment(s) he would make to his pleading in order to adequately allege a jurisdictional basis*.

III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

It is also HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E.D. Cal. L.R. 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E.D. Cal. L.R. 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

1 | (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: May 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE